IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIA S.,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | 8:21-CV-439<br><br><br>**MEMORANDUM AND ORDER ON MOTION TO SET ASIDE JUDGMENT** |

   This matter comes before the Court on Plaintiff Mia S.'s[1] Motion to Set Aside Judgment, Filing 27, asking that the Court vacate judgment in favor of the Commissioner and instead reverse the Commissioner's decision to deny Mia S. disability benefits. The Court denies Mia S.'s Motion.

   On August 19, 2022, the Court issued an Order, Filing 22, denying Mia S.'s Motion for an Order Reversing the Commissioner's Decision, Filing 15, and granting the Commissioner's Motion to Affirm Commissioner's Decision, Filing 18. As is relevant here, during the administrative hearing, the Administrative Law Judge (ALJ) posed a hypothetical limiting an individual to occupations with "occasional, precise near acuity." Filing 9-2 at 57. In response, the vocational expert (VE) stated that jobs available to that individual included 220,000 cleaner jobs, 16,290 ticket seller jobs with a 10% reduction to account for the limitation, and 34,475 advertising materials distributer jobs. Filing 9-2 at 58. The ALJ then posed a second hypothetical, including an additional limitation of frequent depth perception, and asked the VE if the previously given occupations would remain. Filing 9-2 at 58. The VE responded that the ticket seller occupation would remain and provided two additional jobs: 9,500 counter clerk jobs and 58,289 furniture rental clerk jobs. Filing 9-2 at 58.

---

[1] The Court will refer to Plaintiff by first name and last name first initial to protect her privacy.

1

The Court found that there was a conflict with all three of these remaining jobs and Mia S.'s limitation to occupations with occasional near acuity. Filing 22 at 24. While the ALJ did get an explanation for the conflict with the ticket seller job—the VE had reduced the number of available jobs by 10% to account for the limitation—the ALJ failed to obtain an explanation for the conflict with the counter clerk and furniture rental clerk occupations. Filing 22 at 24–25. Nevertheless, the Court concluded that the error was harmless because 14,661[2] ticket seller jobs remained available to Mia S. Filing 22 at 25. The Court found that, based on the remaining ticket seller jobs, there was substantial evidence supporting the ALJ's determination that a significant number of jobs exist in the national economy that Mia S. can perform. Filing 22 at 25. The Court cited in support of its conclusion two Eastern District of Arkansas cases that found similar numbers of jobs were substantial evidence. Filing 22 at 25 (citing *Palmore v. Saul*, No. 3:18-CV-00084-KGB, 2019 WL 4121985, at *3 (E.D. Ark. Aug. 29, 2019); *Beckham v. Comm'r, Soc. Sec. Admin.*, No. 4:17-CV-564-DPM-BD, 2018 WL 1511731, at *3 (E.D. Ark. Mar. 27, 2018)).

In her Motion, Mia S. contends that the Court misapplied Eighth Circuit precedent that holds that 10,000 jobs in the national economy is a significant number, Filing 26 at 4–15, even though the Court did not cite any Eighth Circuit cases making such a ruling. *See* Filing 22 at 25. Mia S. then points to Tenth Circuit precedent as the correct approach to determining when an ALJ's error is harmless based on how many jobs exist in the national economy for the social security disability claimant. Filing 26 at 15–16. In response, the Commissioner points out that Mia S. did not address the harmless error issue in her original Motion. Filing 28 at 6–7. The Commissioner also emphasizes that other courts have concluded that less than 14,000 jobs in the national economy was still significant. Filing 28 at 9 (citing *Taskila v. Comm'r Soc. Sec.*, No. 14-

---

[2] The ALJ stated in his order that a ten percent reduction of 16,290 was 14,080. Filing 9-2 at 26. However, a ten percent reduction of 16,290 is 14,661.

12674, 2015 WL 5460712, at *2 (E.D. Mich. Sept. 16, 2015), *aff'd*, 819 F.3d 902, 906 (6th Cir. 2016); *Mercer v. Halter*, No. 4:00-CV-1257, 2001 WL 257842, at *6 (N.D. Tex. Mar. 7, 2001)).

Mia S. moves for relief under both Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) permits a party to move to "alter or amend a judgment." Fed. R. Civ. P. 59(e). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Generally, only "matters properly encompassed in a decision on the merits" may be asserted in a Rule 59(e) motion, and "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Fletcher v. Tomlinson*, 895 F.3d 1010, 1025 (8th Cir. 2018) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b) lists six grounds on which a party may move for relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). While Mia S. specifically points to Rule 60(b)(6), which is a "catchall" provision that permits relief for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), the Court believes that Rule 60(b)(1), which allows a party to seek relief based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), is the proper avenue for Mia S.'s Motion. As the Supreme Court recently stated, a "mistake" under Rule 60(b)(1) "includes a judge's legal errors," and Rule 60(b)(6) does not apply unless "Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 142 S. Ct. at 1861. In any event, Rule 60(b) motions are limited, whether

asserted under (b)(1) or (b)(6). A district court has "wide discretion" to grant or deny a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quoting *Jones*, 512 F.3d at 1048). "'Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance' warranting Rule 60(b) relief from a final judgment." *Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000). Like Rule 59(e) motions, Rule 60(b) motions are an inappropriate means to "tender new legal theories for the first time" or to reargue the merits of a decision.[3] *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

The Court denies Mia S.'s Motion because it simply raises new legal theories that could have been argued in her original Motion. As the Commissioner points out, the Commissioner raised the harmlessness issue in the underlying proceedings and Mia S. failed to address it. Filing 19 at 14; Filing 28 at 4. Instead, Mia S. only argued that the ALJ's failure to resolve conflicts between the jobs offered by the VE and Mia S.'s limitations warranted remanding the case. Filing 16 at 21; Filing 21 at 3–4. Mia S. never asserted that even if the ticket seller jobs remained available to her remand was still required even though the Commissioner argued that the ticket seller jobs made remand inappropriate.

---

[3] Although *Arnold* addressed a motion for reconsideration, given that the Eighth Circuit construes motions for reconsideration as Rule 60(b) motions when directed at non-final orders, *see Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006), the standards for *Arnold* apply in this case. The Court also notes that it would be odd to allow a party to circumvent Rule 59(e)'s prohibition on tendering new legal theories and rearguing the merits, along with its 28-day limitation, by moving under Rule 60(b). The Court further finds that the fact that "[a]n appeal from the denial of a Rule 60(b) motion does not bring the underlying order or judgment up for appellate review," *Williams*, 891 F.3d at 706, strongly implies that rearguing the merits of the underlying order in a Rule 60(b) motion is improper, especially because a Rule 60(b) motion "cannot substitute for an appeal." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). Otherwise, a party could avoid the time limit imposed on filing notices of appeal by filing a Rule 60(b) motion with the same arguments as an un-appealed order.

Alternatively, the Court is also not persuaded by Mia S.'s argument that the Eighth Circuit case *Weiler v. Apfel* provides that there must be 32,000 jobs remaining in the national economy after an ALJ's error eliminates other jobs in order to avoid remanding a case. In *Weiler*, the Eighth Circuit concluded that substantial evidence supported the ALJ's determination that a significant number of jobs were available to the claimant irrespective of the claimant's ability to do all the jobs listed by the VE. 179 F.3d 1107, 1110–11 (8th Cir. 1999). The Eighth Circuit noted that one of the jobs listed by the VE was available to an individual with the claimant's limitations and that the VE testified that 32,000 of these jobs existed in the national economy. *See id.* The court explained that it was unnecessary to "exhaustively compare [the claimant's] residual functional capacity to every job recommended by the [VE]." *Id.* at 1110. Therefore, the Eighth Circuit concluded that the ALJ did not err in finding the claimant not disabled for the purpose of receiving social security disability benefits. *See id.* at 1111.

Contrary to Mia S.'s assertion, neither *Weiler* nor any Eighth Circuit case applying *Weiler* has ever stated that it created a "guidepost" governing the situation when an error that affects the number of jobs available to a claimant is harmless. It simply concluded, as a matter of law, that 32,000 available jobs was substantial evidence supporting the ALJ's decision. *See id.* at 1110–11. Indeed, *Weiler* supports the Court's approach to this case. Both this Court and the *Weiler* court found that substantial evidence supported the ALJ's decision based on the number of jobs available in one occupation listed by the VE, regardless of the other jobs the VE provided. *Compare* Filing 22 at 25, *with Welier*, 179 F.3d at 1110–11.

Furthermore, the Court finds that the "conflicting" jobs listed by the VE still plays a role in whether substantial evidence supports the ALJ's determination on whether a significant number of jobs remain available to Mia S. The Eighth Circuit leaves "to the trial judge's common sense

5

the application of the significant numbers requirement to a particular claimant's factual situation." *Hall v. Chater*, 109 F.3d 1255, 1259 (8th Cir. 1997). Moreover, the Eighth Circuit has emphasized that the DOT's descriptions are "generic" and only "offer the approximate maximum requirements for each position, rather than their range." *Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000). "In other words, not all of the jobs in every category have requirements identical to or as rigorous as those listed in the DOT." *Id.* The upshot of this Eighth Circuit caselaw is that conflicts between the DOT's job descriptions and the claimant's limitations do not automatically mean that *all* the jobs in the occupational category are rendered unavailable to the claimant. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (noting that a DOT definition described the "upper limit across all jobs in the occupational category, not a requirement of every job within the category"). Thus, just because a conflict existed between Mia S.'s limitations and the counter clerk and furniture rental clerk occupational descriptions in the DOT, this conflict did not conclusively establish that Mia S. could not perform any of the jobs that the VE testified were available to her. *See generally Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1004–05 (8th Cir. 2018) ("[A]n ALJ can 'properly assume that the expert framed his answers based on the factors the ALJ told him to take into account.'" (quoting *Whitehouse v. Sullivan*, 949 F.2d 1005, 1006 (8th Cir. 1991))).

In this case, the only conflict that existed between the counter clerk and furniture rental clerk descriptions in the DOT and Mia S.'s limitations was that the DOT stated these jobs involved "frequent near acuity," while Mia S. was limited to "occasional near acuity." Applying common-sense considerations to this particular factual situation, it is obvious that some portion of the 67,789 jobs from these "conflicting" occupations are available to Mia S. "Frequent near acuity" and "occasional near acuity" do not differ to such a degree that common sense dictates that none of the counter clerk or furniture rental jobs that the VE testified about are available to Mia S. *Cf. Moore,*

6

623 F.3d at 605 (holding that there is no "direct conflict" between a limitation to "carrying out simple job instructions" for "simple, routine and repetitive work activity" and occupations "involving instructions that, while potentially detailed, are not complicated or intricate"). There is substantial evidence supporting the ALJ's determination that there are a significant number of jobs available to Mia S. in light of the 14,661 ticket seller jobs available to Mia S. and the portion of the 67,789 "conflicting" jobs that remain available to her. *See Palmore*, 2019 WL 4121985, at *3 (concluding that 13,000 jobs available nationally, "even if this number was somewhat reduce," was substantial evidence supporting the ALJ's decision); *Beckham*, 2018 WL 1511731, at *3 (14,700 available jobs was substantial evidence).

The Eighth Circuit has stated that factors a district court should consider to determine whether substantial evidence supports an ALJ's "significant number of jobs" conclusion include "the level of the claimant's disability, the reliability of both the claimant's and the VE's testimony, and the types and availability of work that the claimant could perform." *Hall*, 109 F.3d at 1259. Having considered these factors, the Court finds that the ALJ's determination that a significant number of jobs were available to Mia S. was supported by substantial evidence. Therefore, the ALJ's error in not obtaining an explanation for the conflict was harmless. *See Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021) ("[R]eversal of an ALJ's decision is not required if an error was harmless, meaning '[t]here is no indication that the ALJ would have decided differently' if the error had not occurred." (alteration in original) (quoting *Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008))); *Van Vickle*, 539 F.3d at 830 (stating that there was "no indication that the ALJ would have decided differently" and therefore "any error by the ALJ was . . . harmless").

Finally, Mia S.'s reference of Tenth Circuit caselaw does not alter the Court's decision, because that caselaw is not binding on this Court. The Court concludes that this issue is governed

by binding Eighth Circuit authority, such that the Tenth Circuit's caselaw cannot apply. Even so, this Court further does not find the Tenth Circuit caselaw persuasive as to this issue. Accordingly,

    IT IS ORDERED that Mia S.'s Motion to Set Aside Judgment, Filing 27,[4] is denied.

    Dated this 22nd day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[4] Filings 24 and 27 are both identified on the docket as Mia S.'s Motion but Filing 24 is actually a copy of the brief filed at Filing 25. Filing 27 corrects that error because it is the actual motion. Thus, the Clerk of the Court is directed to terminate both Filing 24 and Filing 27 as pending motions because this ruling resolves both filings.